**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ORTHALLIANCE, INC.,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.: 2:04-CV-2245-RDP** |
| | } | |
| **RONALD G. PHILIPP, et al.,** | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

## I.    INTRODUCTION

Pending before the court are Defendants' Motion for Partial Summary Judgment on Plaintiff's Amended Complaint (Doc. #22) and Defendants' Motion to Dismiss 5, 8, 15, and 16 of the Plaintiff's Amended Complaint, Or in the Alternative, for a More Definite Statement (Doc. #23), both of which were filed on February 21, 2005. Plaintiff filed a combined response to the pending motions on March 11, 2005. (Doc. #24). For the reasons discussed more fully below, the court finds that Defendants' Motion for Partial Summary Judgment on Plaintiff's Amended Complaint is due to be denied and that Defendants' Motion to Dismiss 5, 8, 15, and 16 of the Plaintiff's Amended Complaint, Or in the Alternative, for a More Definite Statement is due to be granted in part and denied in part.

## II.    STANDARDS OF REVIEW

With respect to Defendants' Motion for Partial Summary Judgment on Plaintiff's Amended Complaint, under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *See id.* at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

As for Defendants' Motion to Dismiss 5, 8, 15, and 16 of the Plaintiff's Amended Complaint, in deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party." *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)). Moreover, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)). Furthermore, "[t]he threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" *Ancata v. Prison Health Servs., Inc.* 769 F.2d 700, 703 (11th Cir. 1985) (quoting *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983)).

III.    **ANALYSIS**

A.    **Defendants' Motion for Partial Summary Judgment**

The basis for Defendants' Motion for Partial Summary Judgment is that Plaintiff's First Amended Complaint contains claims outside of the statute of limitations period.  More specifically, Defendants assert that because Plaintiff filed its First Amended Complaint more than two years after the event giving rise to those claims, the statute of limitations bars any recovery.  The undisputed facts related to Defendants' Motion for Partial Summary Judgment can be summarized as follows:

a.    Plaintiff had a contractual relationship with Defendant Dr. Philipp's practice;

b.    Defendant Dr. Philipp wrote a letter on August 22, 2002 purporting to terminate any relationship he had with Plaintiff on August 26, 2002; and

c.    Plaintiff sued Defendant Dr. Philipp and his practice on July 20, 2004.

(Doc. #24 at 1).

As correctly pointed out by Plaintiff in its opposition, Defendants' analysis of their potential statute of limitations defense ignores the application of the relation back doctrine under Rule 15(c) of the Federal Rules of Civil Procedure.  Rule 15(c) states in pertinent part that:

An amendment of a pleading relates back to the date of the original pleading when

(1)    relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2)    the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or . . . .

Fed. R. Civ. P. 15(c).

As this case is before the court on diversity jurisdiction, all claims asserted in Plaintiff's First Amended Complaint will be saved from the running of the statute of limitations under Fed. R. Civ.

P. 15(c), if they relate back to the original complaint under Alabama law. *See* Fed. R. Civ. P. 15(c)(1). Alabama's Rule of Civil Procedure 15(c) is virtually identical to Fed. R. Civ. P. 15(c). Under both rules, the important inquiry is whether the claims asserted in the amended pleading are sufficiently related to allegations of the original complaint (or any complaint filed within the statute of limitations period).

Turning to Alabama law, in *Cummins Engine Co., Inc. v. Invictus Motor Freight, Inc.*, 641 So. 2d 761 (Ala. 1994), the Alabama Supreme Court held:

> Where the amendment adds a new theory of liability and that new theory is based upon the same facts as the original theory and those facts have been brought to the attention of the opposite party by a previous pleading, no prejudice is worked by allowing the amendment.

*Id.* at 764 (citations omitted). The *Cummins* court then reviewed two misrepresentation claims, one raised in the first amended complaint and the other raised in the second amended complaint. It held that the first claim did not relate back to the original complaint, and thus was not saved from a limitations defense, because it involved different facts, independent wrongs, and separate times. *Id.* The misrepresentation claim asserted in the second amended complaint, however, was saved by the relation back doctrine. As the court held:

> The claim stated in the second amended complaint arose out of the "conduct, transaction or occurrence set forth" in Count II of the original complaint; therefore, it related back to the date of filing of the original complaint, under Rule 15(c).

*Id.* Accordingly, under *Cummins*, claims are preserved from a limitations defense, so long as they arise out of the same conduct, transaction, or occurrence as the claims asserted in the pleading that was filed within the applicable limitations period. *See also Beautilite Co., Inc. v. Anthony*, 554 So. 2d 946, 949 (Ala. 1989) (finding that fraud claim added by amendment relates back to original

pleading arising out of same set of facts forming basis of breach of contract claim) (citations omitted); *Money v. Willings Detroit Diesel, Inc.*, 551 So. 2d 926, 928-29 (Ala. 1989) (reversing trial court's decision granting summary judgment on statute of limitations defense and allowing new theory of liability to go forward because of its basis upon facts contained in prior pleading and because claim could not have caused any prejudice to opposing party) (citations omitted).

Based upon the above analysis, Defendants have not met (nor can they meet) their burden of demonstrating they are entitled to judgment as a matter of law; therefore, Defendants' Motion for Partial Summary Judgment is due to be denied.

**B.    Defendants' Motion to Dismiss 5, 8, 15, and 16 of the Plaintiff's Amended Complaint, Or in the Alternative, for a More Definite Statement**

Defendants' Motion to Dismiss 5, 8, 15, and 16 of the Plaintiff's Amended Complaint, Or in the Alternative, for a More Definite Statement is due to be granted in part and denied in part. More specifically, counts 5, 8, and 15 all state claims for cognizable relief, and Defendants have failed to meet their exceedingly high burden to prevail on a Rule 12(b)(6) motion.  While certain counts in Plaintiff's First Amended Complaint may indeed be characterized as asserting similar legal theories as counts previously pleaded in the Amended Complaint, this does not transform those latter counts into non-actionable claims.

Defendants' Motion to Dismiss for failure to state a claim is due to be granted as to count 16 (which asserts Plaintiff should be entitled to pierce the corporate veil) as Plaintiff agrees that the claim in that count "is not an independent claim for relief."  (Doc. #24 at 8).  Plaintiff's intended purpose for including count 16 in the First Amended Complaint was to put Defendants on notice of its intent to pierce the corporate veil in the event that it successfully obtains a favorable judgment

against Defendants which is not otherwise satisfied. (*Id.* at 8-9).

As for Defendants' request for alternative relief, *i.e.*, that Plaintiff provide a more definite statement, Plaintiff's First Amended Complaint "is [not] so vague or ambiguous that [Defendants] cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  Moreover, Defendants have failed to identify any defects or lack of details in Plaintiff's Amended Complaint as required by Rule 12(e).  Accordingly, Defendants' alternative motion is due to be denied.

## IV.   CONCLUSION

For the reasons stated above, Defendants' Motion for Partial Summary Judgment on Plaintiff's Amended Complaint is due to be denied.  Defendants' Motion to Dismiss 5, 8, 15, and 16 of the Plaintiff's Amended Complaint, Or in the Alternative, for a More Definite Statement is due to be granted in part and denied in part.  The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this _____21st_____ day of April, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE